**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | : | Case No. 2:25-cv-1520 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| CHRISTINE BROWN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION[1]**

Plaintiff, a prisoner at the Pinckneyville Correctional Center, in Pinckneyville, Illinois, has filed a complaint titled "Petition to File Out of Jurisdiction Grievance." (Doc. 1).

Observing that Plaintiff did not (1) pay the $405.00 filing fee or request leave to proceed without prepayment of the filing fee, or (2) submit service copies of the complaint or other service documents, the Court entered an Order on February 25, 2026, directing him to correct those deficiencies within 30 days. (Doc. 3). Given his *pro se* status, the Court also sent Plaintiff an Application and Affidavit by Incarcerated Person to Proceed without Prepayment of Fees form. *Id*. at 8. The Court clearly warned Plaintiff that if he did not comply with the Court's Order, the Court would recommend that this case be dismissed for want of prosecution. *Id*.

At this time, more than thirty days have passed since the Court entered the February 25, 2026 Order, and Plaintiff has not responded or sought an extension of time to do so.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

2

cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's February 25, 2026 Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.


April 13, 2026                                      *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge


2

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).